## Tyler v. Tyler.

*Divorce—Conviction of crime—Larceny—Transportation of stolen automobile from one state to another—Acts of March 9, 1903, and May 1, 1909—Act of Congress of Oct. 29, 1919.*

1. A conviction under the Act of Congress of Oct. 29, 1919, ch. 89, §§ 1-5, 41 U. S. Stat. at L. 324, for transporting a motor-vehicle in interstate commerce knowing it to have been stolen, followed by sentence and imprisonment thereon for four years, is not larceny within the meaning of the Act of March 9, 1903, P. L. 19, as amended by the Act of May 1, 1909, P. L. 374, which makes larceny and imprisonment therefor for more than two years a ground for divorce.

2. In such a case, it cannot be successfully argued that one who transports an automobile in interstate commerce, knowing it to have been stolen, is guilty of receiving stolen goods, and that such an offender is an accessory after the fact of larceny, and that the Pennsylvania statutes provide for a divorce when one is convicted as an accessory to a larceny.

3. Receiving stolen goods and participating in larceny as an accessory after the fact are two separate and distinct criminal offenses and are not equivalent to each other.

Libel in divorce. C. P. Lehigh Co., Sept. T., 1926, No. 98.

*Robert L. Schiffert,* for libellant.

RENO, P. J., Dec. 5, 1927.—The Act of March 9, 1903, P. L. 19, as amended by the Act of May 1, 1909, P. L. 374, provides the following as a cause of divorce: "When either of the parties shall have been, either within or without this State, convicted as principal or as accessory, either before or after the fact, of the crime of . . . larceny . . . and be sentenced by a competent court having jurisdiction to imprisonment for any term exceeding two years."

In the United States District Court for the Central Division of the District of Utah, respondent entered a plea of guilty to an indictment charging that respondent "did then and there knowingly, wilfully, unlawfully and feloniously transport and cause to be transported in interstate commerce, within the meaning and intent of the National Motor Vehicle Theft Act, a certain motor-vehicle not then and there the property of the said Theodore Tyler and Charles Lancaster, or either of them, to wit, what is commonly called a Hudson Speedster Model, Motor No. 101670, which said motor-vehicle was then and there\transported in interstate commerce as aforesaid by the said Theodore Tyler and said Charles Lancaster, by means of said motor-vehicle's own locomotion, from the City of Portland, in the State and District of Oregon, to

the town of Wanship, in the State and Central Division of the District of Utah, and within the jurisdiction of this court, the said Theodore Tyler and the said Charles Lancaster then and there knowing that the said motor-vehicle so transported as aforesaid did not belong to the said Theodore Tyler and Charles Lancaster, or either of them, and that said motor-vehicle had been theretofore and on or about the 24th day of October, A. D. 1922, stolen from the true owner thereof, to wit, Horace Rosenberg, of Portland, Oregon."

Respondent was sentenced to imprisonment in the United States Penitentiary for a period of four years.

The Act of Congress under which he was indicted and sentenced is, in part, as follows: "Whoever shall transport or cause to be transported in foreign or interstate commerce a motor-vehicle, knowing the same to have been stolen, shall be punished by a fine of not more than $5000 or by imprisonment of not more than five years, or both:" Act of Congress of Oct. 29, 1919, ch. 89, §§ 1-5; 41 U. S. Stat. 324; 18 U. S. C. A., § 408.

The libel charges that respondent was convicted and sentenced for the crime of larceny. But he was not; he was convicted and sentenced for transporting a car from one state to another, knowing it to have been stolen.

The gist of the offense consists in transporting a stolen automobile from one state to another. The crime is not complete until it is carried from one state into another, but it is complete when so carried, whether or not it was actually stolen by the offender. This, of course, is not larceny within the meaning of our statute, and the conclusion must be that respondent was not convicted of, and sentenced for, larceny.

It is beyond the legislative competence of Congress to define and punish crimes except as to matters within the powers conferred by the Constitution: Keller v. United States, 213 U. S. 138, 29 Sup. Ct. Repr. 470. Thus, Congress may, because of its power to regulate interstate commerce, prohibit the transportation from one state to another of an automobile knowing it to be stolen (Brooks v. United States, 267 U. S. 432, 45 Sup. Ct. Repr. 345), but it may not define as a crime the act of taking and carrying away the personal property of another unless the transportation bears some relation to a power conferred upon Congress by the Constitution. It follows that a conviction under the Act of Congress cannot be held to be a conviction of larceny, even though the act is entitled "the National Motor Vehicle Theft Act."

The libellant recognizes the force of this and argues that one who transports an automobile in interstate commerce knowing it to be stolen is guilty of receiving stolen goods, and that such an offender is an accessory after the fact of larceny, and that the statute provides for a divorce when one is convicted as an accessory to larceny. The answer to this contention may be briefly summarized: First, the libel does not charge that respondent was convicted as an accessory; second, respondent was not convicted or sentenced as an accessory; third, receiving stolen goods and participating in larceny as an accessory after the fact are two separate and distinct criminal offenses and are not equivalent to each other: Com. v. O'Neill, 10 Dist. R. 227; cf. Com. v. Light, 10 Pa. Superior Ct. 66; fourth, if guilty as an accessory, respondent was guilty as accessory to the violation of the Act of Congress prohibiting the transportation in interstate commerce of a stolen automobile, which, as already shown, is not the crime of larceny within the purview of the Act of 1903, supra.

Now, Dec. 5, 1927, the divorce is refused and the libel is dismissed.

From Edwin L. Kohler, Allentown, Pa.